**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

───────────────

**No. 13-4690**

───────────────

UNITED STATES OF AMERICA,

            Plaintiff – Appellee,

    v.

HERMAN C. NEWMAN,

            Defendant - Appellant.

───────────────

Appeal from the United States District Court for the Western
District of Virginia, at Charlottesville. Norman K. Moon,
Senior District Judge. (3:95-cr-00066-NKM-14)

───────────────

Submitted: April 22, 2014       Decided: April 28, 2014

───────────────

Before NIEMEYER, SHEDD, and DUNCAN, Circuit Judges.

───────────────

Affirmed by unpublished per curiam opinion.

───────────────

Larry W. Shelton, Federal Public Defender, Christine Madeleine
Lee, Research and Writing Attorney, Roanoke, Virginia, for
Appellant. Timothy J. Heaphy, United States Attorney, Jean B.
Hudson, Assistant United States Attorney, Charlottesville,
Virginia, for Appellee.

───────────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Herman Newman appeals the eighteen-month sentence imposed upon revocation of his supervised release. We affirm.

Newman pled guilty in 1997 to possession of crack cocaine, 21 U.S.C. § 844(a) (1998), and was sentenced to 180 months in prison.[1] When he was sentenced, the offense was punishable by not more than twenty years in prison, making it a Class C felony. See 21 U.S.C. § 844(a); 18 U.S.C. § 3559(a)(3) (1998). Upon revocation of release, Newman was subject to a term of imprisonment of not more than two years. See 18 U.S.C. § 3583(e)(3) (1998). Following passage of the Fair Sentencing Act (FSA), the offense became a Class A misdemeanor punishable by not more than one year in prison. 21 U.S.C. § 844(a) (2012); 18 U.S.C. § 3559(a)(6) (2012). A defendant convicted of a Class A misdemeanor whose supervised release is revoked is subject to a revocation sentence of not more than one year in prison. 18 U.S.C. § 3583(e) (2012).

Newman claims that he is entitled to benefit from the FSA, and his eighteen-month revocation sentence is illegal. When reviewing a revocation sentence, we consider whether it is

---

[1] The sentence was reduced in 2008 to 150 months and in 2011 to sixty months based on amendments to the U.S. Sentencing Guidelines. Newman was released from prison in 2011 and subsequently violated terms of his release.

within the statutory limits and not plainly unreasonable. United States v. Crudup, 461 F.3d 433, 439-40 (4th Cir. 2006).

We hold that Newman was properly sentenced under the law in effect at the time he was sentenced. First, the imposition of a new sentence upon revocation of supervised release relates back to the first offense for which the defendant was convicted, and the revocation sentence is limited "to the duration of the term of supervised release originally imposed." Johnson v. United States, 529 U.S. 694, 701, 712 (2000). Second, we have held that the FSA does not apply retroactively to defendants originally sentenced prior to August 3, 2010. United States v. Bullard, 645 F.3d 237, 248 (4th Cir. 2011).[2] Under these authorities, Newman's eighteen-month revocation sentence falls within the relevant statutory range.

We therefore affirm. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

---

[2] Bullard is unaffected by Dorsey v. United States, 132 S. Ct. 2321 (2012). Dorsey applies to defendants who committed their offenses prior to, but were sentenced after, the effective date of the FSA. Id. at 2328-29. Newman committed his original offense and was sentenced before that date.